UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

INESSA G. BATYUKOVA

   *Plaintiff,*

v.

BRANDON LEE DOEGE; #1282

   *Defendant.*
_____/

Case No.:  5:19-cv-00391
Hon.

Solomon M. Radner (MI Bar No. P73653)
EXCOLO LAW, PLLC
Attorney for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
(866) 939-2656
sradner@excololaw.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiffs, INESSA G. BATYUKOVA, by and through her attorneys, complaining of Defendant, and respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil rights action in which the Plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. § 1983 and the First, Fourth and Fourteenth Amendment.

1

2. Jurisdiction of this Court is found upon 28 U.S.C. § 1331 and/or 1343.

3. The events that give rise to this lawsuit took place on U.S. Highway 90 at the Bexar-Medina County line, State of Texas.

4. Venue is appropriate in the Western District of Texas pursuant to 28 U.S.C § 1391(b) since the acts providing the legal basis for this complaint occurred at the Bexar-Medina County line, State of Texas.

## PARTIES

5. Plaintiff, Inessa G. Batyukova ("Plaintiff" or "Ms. Batyukova") is a 56-year-old woman and a resident of the City of San Antonio, County of Bexar, State of Texas.

6. Defendant, Brandon Lee Doege, #1282 ("Defendant Doege"), is employed by Bexar County Sherriff's Office as a licensed peace officer, and was acting under the color of law.

7. Each and all of the acts of the Defendant alleged herein were committed by said Defendant while acting within the scope of his employment by the Bexar County Sherriff's Office.

8. All herein complained of actions of the Defendant was done recklessly, intentionally, maliciously, gross negligently, wantonly, knowingly, and with deliberate indifference, and in a manner that shocks the conscience.

## STATEMENT OF FACTS

9. On June 28, 2018, Ms. Batyukova was driving in her Blue Honda Fit bearing license plate number KSN-1862 on U.S. Highway 90 from San Antonio to Eagle Pass.

10. At approximately 11:30 pm, she needed to stop in the left traffic lane of the Highway somewhere in the Medina-Bexar County line and turned on the hazard lights.

11. At approximately 11:35 pm, Defendant Doege arrived and parked behind Ms. Batyukova's car in his privately-owned Grey Dodge Charger bearing license plate KLS-5208 with red and blue police emergency lights activated.

12. Defendant Doege opened the driver door of this car and screamed to Ms. Batyukova that he is a Bexar County Deputy.

13. Defendant Doege yelled at Ms. Batyukova and ordered her out of her car.

14. Ms. Batyukova, as ordered, opened the door of the car and slowly exited.

15. She turned facing Defendant Doege with her hands up in the air and started slowly walking towards him.

16. Ms. Batyukova was unarmed.

17. Ms. Batyukova used expletives toward Defendant Doege.

18. Ms. Batyukova continued towards Defendant Doege's car and stopped somewhere between both cars.

19. Defendant Doege immediately grabbed his gun pointed it at Ms. Batyukova.

20. Defendant Doege ordered Ms. Batyukova to put her hands on the car.

21. As soon as Ms. Batyukova moved her arm, Defendant Doege discharged his weapon five times at Ms. Batyukova.

22. On the 911 dispatch call, Defendant Doege stated "She reached behind her back, off duty deputy, shots fired! Fuck, shit, man!"

23. Defendant Doege shot at Ms. Batyukova intentionally, maliciously, gross negligently, wantonly, knowingly, and with deliberate indifference.

24. Defendant Doege shot Ms. Batyukova several times because she moved her arm and swore at a police officer.

25. Ms. Batyukova was not armed nor did Defendant see any weapons.

26. Ms. Batyukova was shot by Defendant four times, in the right arm, shoulder, leg and stomach.

27. After Defendant Doege shot at Ms. Batyukova, she dropped on the ground several feet in front of Defendant Doege's car and started bleeding.

28. A pool of blood spread on the ground beneath Ms. Batyukova.

29. Defendant Doege told dispatch that Ms. Batyukova was not moving.

30. Defendant Doege stayed in his position and did not help Ms. Batyukova despite his knowledge that she had been shot several times, was lying in a pool of blood, and was not moving.

31. Despite Ms. Batyukova's critical condition from Defendant Doege decision to shoot her several times, Defendant Doege kept her at gun point and did not provide any aid.

32. At approximately 11:40 pm, a Medina County Deputy arrived at the scene and started talking to Defendant Doege.

33. The Medina County Deputy and Defendant Doege then searched Ms. Batyukova and started interrogating her.

34. No weapon nor anything unlawful was found on Ms. Batyukova.

35. Afterwards other law enforcement officers arrived at the scene, including other Medina County Deputies, Castroville Police Officers and Texas Rangers.

36. Paramedics arrived in an ambulance and took Ms. Batyukova to the Castroville Airport to await Airlife.

37. Ms. Batyukova was taken in a helicopter to University Hospital in San Antonio.

38. In his report, Defendant Doege made false statements regarding his interaction with Ms. Batyukova including but not limited to the following:

    a. Ms. Batyukova did not ever say "Death to America."

    b. Ms. Batyukova did not ever say "you're going to fucking die tonight."

39. As a direct and proximate result of the wrongful acts and omissions of Defendant Doege, Ms. Batyukova has suffered harm and sustained damages.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Fourth Amendment – Excessive Force)

40. Plaintiff incorporates herein all the prior allegations.

41. The Fourth Amendment guarantees citizens to be secure in their persons from unreasonable searches and seizures and the use of excessive force.

42. At all relevant time, Plaintiff had a clearly established right to liberty, including her right to personal safety and bodily integrity, as well as protection from unreasonable, excessive and unlawful seizures pursuant to the Fourth and Fourteenth Amendment to the United States Constitution.

43. At all times relevant, as a peace officer acting under color of law, Defendant Doege required to obey the laws of the United States.

44. Defendant Doege intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently shot at Plaintiff five-six times without any lawful basis.

45. Based on the totality of the circumstances, Defendant Doege's act of shooting at Plaintiff five-six times was totally unreasonable and excessive.

46. Four of the shots fired hit Plaintiff causing her to fall to the ground and a pool of blood to form under her arm.

47. Defendant Doege did not have any lawful basis whatsoever to shoot at Plaintiff.

48. Plaintiff had no weapon in her person and was not a legitimate safety risk to Defendant Doege.

49. Defendant Doege actions constituted excessive force.

50. The aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

51. As a proximate result of the illegal and unconstitutional acts of Defendant Doege, Plaintiff was harmed and suffered damages for her physical, mental, emotional injury and pain, fright and shock, mental anguish, humiliation, and embarrassment.

52. As a proximate result of the illegal and unconstitutional acts of Defendant Doege, Plaintiff was harmed and suffered damages for her physical,

mental, emotional injury and pain, fright and shock, mental anguish, humiliation, and embarrassment.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Fourth Amendment– Unlawful Seizure)

53. Plaintiff incorporates herein all prior allegation.

54. The Fourth Amendment require Defendant to possess sufficient probable cause to arrest the Plaintiff.

55. At all relevant time, Plaintiff had a clearly established right to liberty, including her right to personal safety and bodily integrity, as well as protection from being shot at by a law enforcement officer, interrogations and unlawful seizures to the Fourth Amendment to the United States Constitution.

56. Defendant Doege intentionally, knowingly, maliciously, recklessly, unreasonable, and/or gross negligently seized Plaintiff when he unreasonably shot her several times without any lawful basis.

57. Plaintiff was shot by Defendant Doege, could not leave, and therefore was seized.

58. Defendant Doege's actions constituted unlawful seizure of Plaintiff.

59. The aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth

Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

60. As a proximate result of the illegal and unconstitutional acts of Defendant Doege, Plaintiff was harmed and suffers damages for her physical, mental, emotional injury and pain, fright and shock, mental anguish, humiliation, and embarrassment.

## COUNT III
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (First Amendment– Retaliation)

61. Plaintiff incorporates herein all the prior allegations.

62. Plaintiff engaged in the constitutionally protected activity of expressing against, cussing at, and flipping off a police officer.

63. In retaliation for this protected conduct, Defendant Doege discharged his weapon at her five to six times. Four of those six shots hit Plaintiff in her right arm and shoulder causing severe damage and pain.

64. Such retaliation would serve as a deterrent to a person of ordinary firmness from engaging in such protected conduct.

65. The retaliation was motivated at least in part by the protected speech.

66. There was a causal connection between Plaintiff's constitutionally protected conduct and the adverse retaliatory actions taken by Defendants against Plaintiff.

67. The aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983.

68. As a proximate result of the illegal and unconstitutional acts of the Defendant Doege, Plaintiff was harmed and suffered damages for her physical, mental, emotional injury and pain, fright and shock, mental anguish, humiliation and embarrassment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, INESSA G. BATYUKOVA, demands judgment and prays for the following relief, jointly and severally, against all Defendants:

    a. Full and fair compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Reasonable attorney's fees and costs of this action; and

    d. Any such other relief as appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | EXCOLO LAW, PLLC |
| Dated: April 15, 2019 | */s/ Solomon M. Radner* <br> Solomon M. Radner (MI Bar No. (P73653) <br> EXCOLO LAW, PLLC <br> Attorney for Plaintiff <br> 26700 Lahser Road, Suite 401 <br> Southfield, MI 48033 <br> (866) 939-2656 <br> sradner@excololaw.com |