UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

INESSA G. BATYUKOVA,

    Plaintiff,

v.   No. 5:19-cv-00391-JKP

BRANDON LEE DOEGE, #1282;
ROBERT SCHAFF, #306;
MARK POWELL, #309;
JERRY ALLEN THOMAS;
MARCOS AGUILAR;
MEDINA COUNTY AND
ITS SHERIFF'S OFFICE;
BEXAR COUNTY AND
ITS SHERIFF'S OFFICE;
CITY OF CASTROVILLE AND
ITS POLICE DEPT.,

    Defendants.

## MEMORADNUM OPINION AND ORDER

Before the Court are *Defendants City of Castroville and its Police Department, Robert Schaff and Mark Powell's Motion to Dismiss F.R.C.P. 12(b)(6)* (ECF No. 19) to which Plaintiff responded (ECF No. 20) and Defendants replied (ECF No. 22) and *Defendants Medina County, Marcos Aguilar, and Jerry Allen Thomas' Rule 12(b)(6) Motion to Dismiss* (ECF No. 38) to which Plaintiff responded (ECF No. 40). After careful consideration of the memoranda in support of and in opposition to the motions, the Court, for the following reasons, GRANTS the motions.

**I. Factual allegations**

Plaintiff Inessa G. Batyukova's ("Batyukova") First Amended Complaint, the operative pleading herein, alleges on June 28, 2018, Batyukova was traveling from San Antonio to Eagle

Pass on U.S. Highway 90. ECF No. 5 at 4. At approximately 11:30 p.m., Batyukova stopped her vehicle in the left lane of the highway and activated the hazard lights. *Id*. Approximately five minutes later, Bexar County Sherriff's Deputy Brandon Lee Doege ("Doege") pulled up behind Batyukova's car, alighted his vehicle,[1] identified himself as a Deputy, and ordered Batyukova out of her car. *Id*.[2] Batyukova alleges she slowly exited her car and slowly walked toward Doege—"obviously unarmed," with her hands in the air, and speaking "offensive expletives" directed at Doege—until she stood between his car and hers. *Id*. at 5. Batyukova further alleges Doege aimed his gun at her, "started screaming," and ordered her to place her hands on the car. *Id*. As Batyukova "moved her arm" to comply with the order, Doege discharged his weapon five times, striking Batyukova in the right arm, shoulder, leg, and stomach. *Id*. at 5-6. Batyukova "dropped on the ground several feet in front of Doege's car and started bleeding." *Id*. at 6. Batyukova further alleges Doege radioed for assistance but otherwise rendered no aid to Batyukova. *Id*. at 6-7. A few minutes later, Medina County Sherriff's Deputies Jerry Allen Thomas ("Thomas") and Marcos Aguilar ("Aguilar") and Castroville Police Officers Robert Schaff ("Schaff") and Mark Powell ("Powell") arrived on the scene. *Id*. at 7. Batyukova alleges none of these "peace officers" rendered medical assistance to her. *Id*. Rather, "Schaff and Powell assisted in blocking traffic" and "Aguilar and Schaff began photographing the scene." *Id*. Emergency personnel arrived on scene at 11:49 p.m. and transported Batyukova to Castroville Airport where she was flown by Airlife to University Hospital in San Antonio. *Id*.

    Batyukova alleges 42 U.S.C. § 1983 claims against Schaff, Powell, Thomas, and Aguilar for failing to render medical assistance. *Id*. at 12-14. Batyukova alleges *Monell* claims against

---

[1] . . . "privately-owned Grey Dodge Charger" "with red and blue police emergency lights activated." *Id*. ¶ 17.

[2] "Defendant Doege opened the driver door of this car and screamed to Ms. Batyukova that he is a Bexar County Deputy." *Id*. ¶ 18.

the City of Castroville and its Police Department and Medina County and its Sheriff's office for inadequate training. *Id*. at 14-16.

**II. Legal Standard**

When presented with a motion to dismiss under Rule 12(b)(6), a court generally "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face[.]" *United States v. Bollinger Shipyards Inc.*, 775 F.3d 255, 257 (5th Cir. 2014) (internal citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id*. at 679.

In assessing a motion to dismiss under Rule 12(b)(6), the court's review is generally limited to the complaint and any documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's claims. *Tellabs Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). When reviewing the complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation marks omitted) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of

3

truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). A court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III. Discussion

Defendants Schaff and Powell assert qualified immunity. ECF No. 19 at 2. Defendants Thomas and Aguilar assert qualified immunity and argue Batyukova failed to state a claim upon which relief can be granted. ECF No. 38 at 3, 6. The defense of qualified immunity protects government officials from liability for civil damages in individual-capacity suits unless the officer's conduct was unreasonable in light of clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). To defeat a defendant's qualified immunity assertion in a motion to dismiss, a plaintiff must plausibly allege (1) the defendant violated a federal constitutional or statutory right; and (2) the right was clearly established at the time of the violation. *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016) (citing *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) and quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc)). As discussed below, Batyukova fails to allege a constitutional violation. Therefore, the Court need not engage in analysis of the second element.

**A. Deliberate Indifference Claim Against Deputies Thomas and Aguilar and Officers Schaff and Powell**

To state a federal civil rights claim, a plaintiff must allege a specific defendant, while acting under color of state law, deprived her of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person acts under color of state law if he misuses power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Bustos v. Martini Club*, 599 F.3d 458, 464 (5th Cir. 2010) (quoting *West*, 487 U.S. at 49) (internal quotations omitted). To plausibly allege entitlement to relief, a plaintiff's complaint "must allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint." *Smith v. Epps*, No. 4:07CV43–P–S, 2010 WL 437075, at *2 (N.D. Miss. 2010) (citing *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). Although a plaintiff need not set forth detailed factual allegations, she must plead facts with particularity. A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 556 (2007). A well-pleaded complaint includes clearly stated claims and facts to support those claims. *Id.* at 555. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for deliberate indifference to a serious medical need, a plaintiff must plausibly allege that a specific defendant was deliberately indifferent to her serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 678. A serious medical need is "one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). An allegation of deliberate indifference must show the plaintiff's "exposure to a

substantial risk of serious harm" and the official's "deliberate indifference to that risk," such as the intentional denial, delay, or interference with a plaintiff's medical care, or conduct that evinces a wanton disregard. *Gobert*, 463 F.3d at 345-46; *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *see also Estelle*, 429 U.S. at 104-05. To demonstrate deliberate indifference, a plaintiff must show the official knew a substantial risk of serious harm existed and disregarded the risk. *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "A failure to act 'unaccompanied by knowledge of a significant risk of harm' is insufficient to establish a constitutional violation." *Id*. Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute deliberate indifference. *See Estelle*, 429 U.S. at 105-07. A plaintiff must show the official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Government officials are obligated to provide medical care to a person injured while being apprehended by police because "due process rights" of an unconvicted person "are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). "When the State assumes certain custodial roles with respect to an individual, it creates a 'special relationship' that imparts to the State a limited duty to provide for that person's safety and general well-being." *M.D. v. Abbott*, 907 F.3d 237, 249 (5th Cir. 2018). Therefore, *a delay in obtaining medical treatment* for an individual who has been injured while being apprehended by police *that results in substantial harm* can constitute

deliberate indifference. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (emphasis added); s*ee also Westfall v. Luna*, 903 F.3d 534, 551 (5th Cir. 2018).

As an initial matter, the Court notes it is not bound to consider Plaintiff's recitation of the elements of a cause of action or conclusory allegations couched as facts. Batyukova's First Amended Complaint and responses to Defendants' Motions are largely composed of recitations of elements and conclusory allegations. For example: "All herein complained of actions of the individual Defendants were conscience-shocking, objectively unreasonable and done recklessly, intentionally, maliciously, wantonly, knowingly, purposely, purposefully, intelligently, unlawfully, unconstitutionally, and with deliberate indifference, and gross negligence." ECF No. 5 at 4. "Defendants refused to treat her, ignored her complaints, intentionally treated her incorrectly, or engaged in similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Id*. at 13 (reciting elements listed in *Treen*, 759 F.2d at 1238; *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006); *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 422 (5th Cir. 2017)). "Plaintiff was harmed and suffered damages for her physical, mental, emotional injury and pain, fright and shock, mental anguish, humiliation, and embarrassment." *Id*. at 14. The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Accordingly, in conducting its analysis, this Court looks to the well pled facts alleged in Batyukova's pleadings.

With respect to the individual Defendants bringing the subject motions, Batyukova's factual allegations are these: Batyukova was shot four times at approximately 11:34 p.m., Officers Schaff and Powell and Deputies Thomas and Aguilar arrived on scene a few minutes

later, assessed the scene, and, even though Batyukova was "bleeding profusely," rendered no medical aid for approximately "twelve minutes" before EMS arrived. ECF No. 5 at 12-14. Consequently, Batyukova alleges both a serious medical need and a delay in medical treatment. However, Batyukova alleges no facts to show she suffered any harm caused by the Defendants' failure to render aid, which delayed Batyukova's receipt of medical care. The injury that forms the basis of Batyukova's complaint—four gunshot wounds—occurred before Defendants arrived at the scene.

Failure to allege harm caused by the delay in providing medical care is fatal to Batyukova's claim because a "delay in medical care can only constitute [a constitutional] violation if there has been deliberate indifference, which results in substantial harm." *See Mendoza*, 989 F.2d at 195; *see also Santibanes v. City of Tomball*, 654 F. Supp. 2d 593, 610 (S.D. Tex. 2009) (concluding plaintiff could not maintain a claim for post-shooting denial of adequate medical care because plaintiff could not identify any injury caused by the delay in providing medical care); *Martinez v. Maverick Cty.*, 507 F. App'x 446, 448 (5th Cir. 2013) (unpublished) (affirming the District Court's finding of the same); *Westfall v. Luna*, 903 F.3d 534, 552 (5th Cir. 2018) (where plaintiff failed to plead any substantial harm resulting from the officers' "half-hour delay in calling paramedics," dismissal of denial-of-medical-treatment claims against the officers was appropriate); *Delaughter v. Woodall*, 909 F.3d 130, 140 (5th Cir. 2018) (holding it is clearly established that delaying medical care can constitute a constitutional violation if the official knows substantial risk of serious harm exists, disregards that risk, and the delay results in substantial harm); *Flores v. Harris*, No. H-17-3817, 2019 WL 1426313, at *20 (S.D. Tex. Mar. 29, 2019) (granting defendants summary judgment where EMS personnel arrived on scene within ten minutes, the extent of the gunshot injury was not clear, and the

plaintiff did not provide evidence the delay in medical care worsened his injury or caused him further harm). Because Batyukova does not allege any harm caused by Thomas, Aguilar, Schaff, or Powell delaying medical treatment, the Court finds the allegations in Plaintiff's First Amended Complaint are insufficient to state a claim.

**B. *Monell* claims against Medina County and the City of Castroville**

A local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts"). To state a claim arising from the execution of an entity's policy or custom, plaintiff must set forth factual allegations to show "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). As already discussed, Batyukova failed to allege a constitutional violation. "To impose liability on a local governmental entity for failing to act to preserve constitutional rights, a section 1983 plaintiff [first] must establish that he possessed a constitutional right of which he was deprived." *City of Canton v. Harris,* 489 U.S. 378, 389 (1989). "Where there is no underlying constitutional violation, there can be no municipal liability." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Accordingly, Batyukova's *Monell* claim is subject to dismissal.

Even if the Court found a constitutional violation above, Batyukova fails to allege the policy she believes violated the Constitution. Rather, Batyukova relies on the single incident exception, alleging Schaff, Powell, Thomas, and Aguilar's actions demonstrate "[t]heir training, per Castroville and its police department [and per Medina County and its sheriff's office], provided that they should not provide medical care or first aid to a woman lying in the street bleeding profusely after having been shot multiple times by a law enforcement officer." ECF No. 5 at 15-16 ¶¶ 101-102. Batyukova argues "[a] city may be held liable for a single incident of failing to train, so long as the plaintiff can prove the highly predictable consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the moving force behind the constitutional violation." ECF No. 40 at 15 (quoting *Bell v. City of El Paso*, 2009 U.S. Dist. LEXIS 127084, at *36 (W.D. Tex. Dec. 18, 2009). Again, the only specific injury alleged—being shot four times—occurred before Deputies Thomas and Aguilar and Officers Schaff and Powell arrived on the scene. In part, it is the egregiousness of the acts that give rise to a single incident exception. For example, "repeated acts of abuse by several officers in several episodes over the course of one night, tend[ed] to prove a disposition to disregard human life and safety so prevalent as to be policy or custom." *See Westfall*, 903 F.3d at 552 (describing *Grandstaff v. Borger*, 767 F.2d 161 (5th Cir. 1985)). The Officers and Deputies' alleged acts here—securing the scene, directing traffic, and beginning the investigation by taking photographs, but not rendering medical aid after EMS was summoned—do not demonstrate the culture of indifference Batyukova's pleadings attempt to imply. Nor do Batyukova's pled facts plausibly allege that these Defendants were trained to "not provide medical care or first aid to a woman lying in the street bleeding." ECF No. 5. Claims must be supported by pleaded facts, not

conjecture. *Iqbal*, 556 U.S. at 678-79. Accordingly, Batyukova's *Monell* claim against the City of Castroville and Medina County is subject to dismissal.

Finally, the Medina County Sheriff's Department and the Castroville Police Department are not proper defendants under Section 1983. Where a plaintiff has incorrectly named the department rather than the municipality and the defendant will not be prejudiced by the amendment, the appropriate disposition is dismissal with leave to amend. *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993). Here, Plaintiff has named the correct defendants, Medina County and the City of Castroville. Accordingly, dismissing Medina County Sheriff's Department and the Castroville Police Department from the action is appropriate.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendants City of Castroville and its Police Department, Robert Schaff and Mark Powell's Motion to Dismiss F.R.C.P. 12(b)(6) (ECF No. 19). The Court GRANTS Defendants Medina County, Marcos Aguilar, and Jerry Allen Thomas' Rule 12(b)(6) Motion to Dismiss (ECF No. 38). Dismissal with prejudice is appropriate if a court finds the plaintiff has alleged his or her best case. *Greninger*, 188 F.3d at 327 *accord Fregia v. Bright*, 750 F. App'x 296, 299 (5th Cir. 2018) (unpublished) (where the plaintiff has had several opportunities to state a cognizable claim and he has pled his best case, the court need not authorize another amendment) (citing *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). Plaintiff amended her complaint after the first motion to dismiss filed in this action. Plaintiff chose to defend her First Amended Complaint against Defendants' motions to dismiss rather than moving for leave to amend. In conducting the 12(b)(6) analysis herein, the Court accepted all of Plaintiff's well-pleaded facts as

true and viewed them in the light most favorable to Plaintiff. Consequently, the Court finds Plaintiff has alleged her best case.

Accordingly, it is ORDERED the City of Castroville, the City of Castroville Police Department, Medina County, the Medina County Sheriff's Office, Jerry Allen Thomas, Marcos Aguilar, Robert Schaff, and Mark Powell are DISMISSED from the action.

It is so ORDERED.

SIGNED this 29th day of October 2019.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE